# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### 9:17-CV-81289-RLR

BRETT A. ELAM,    Bankruptcy Case No:
                  14-28923-PGH
    Appellant,

v.

THE BANK OF NEW YORK
MELLON,

    Appellee.
_____/

### ORDER AFFIRMING BANKRUPTCY COURT DECISION AND DENYING WITHOUT PREJUDICE INTERVENOR'S MOTION FOR ATTORNEY'S FEES

This matter is before the Court upon the appeal by Appellant Brett A. Elam of the bankruptcy court's order sanctioning Mr. Elam, entered on October 24, 2017, and the bankruptcy court's order denying reconsideration of its sanctions, entered on November 17, 2017. The Court has carefully considered the appeal, the briefs, the record on appeal, and is otherwise fully advised in the premises.

### I.     BACKGROUND

A Chapter 11 Bankruptcy usually offers a reorganization opportunity and a fresh start. The debtor in the proceeding below, Ms. Kim Crawford, initially filed for Chapter 11 Bankruptcy in 2014. As of October 2016, however, Ms. Crawford was on her fourth amended Chapter 11 plan. [IA 1-23].[1] A couple of months earlier, Ms. Crawford's attorney, Mr. Brett A. Elam (the Appellant in this case) had filed an amended application for final compensation claiming $34,370.00 in attorney's fees and $30.00 in costs. [IA 24-40]. The bankruptcy court denied confirmation of Ms. Crawford's fourth amended plan and instead set a status conference

---
[1] IA is an abbreviated reference to the Intervenor's Appendix.

for May 9, 2017. [IA 41-42]. Earlier, Mr. Elam had been granted interim attorney's fees but no final fee order had been entered. [IA 43-44].

Subsequent to the aforementioned denial, Bank of New York Mellon (the Appellee in this appeal) filed a Filing in Further Support Of Its Motion to Dismiss Case [IA 45-64] with the main purpose to alert the bankruptcy court that Ms. Crawford's March 2017 monthly operating report ("March 2017 MOR") [IA 65-86] reflected that on March 2, 2017, check number 256 in the sum of $34,400.00 was withdrawn from Ms. Crawford's debtor-in-possession ("DIP") account and was paid to Mr. Elam for "Attorney's Fees." Appellee was concerned because the bankruptcy court had not awarded attorney's fees to Mr. Elam in March 2017 when the confirmation was denied. [IA 46; IA 41-42]. Appellee contacted Mr. Elam by email asking for proof that the $34,400.00 remained in Mr. Elam's trust account. [IA 52-63]. Although Mr. Elam provided Appellee with a redacted trust account statement showing the March 2, 2017 deposit of the $34,400.00 into his trust account [IA 52-63], Appellee was unable to get Mr. Elam to provide proof that the DIP funds remained in Mr. Elam's trust account despite the exchange of many emails with Mr. Elam. [IA 52-63].

Less than two and a half hours before the May 9, 2017 status conference hearing, Mr. Elam filed an Amended March 2017 MOR specifying that $34,400.00 in legal fees was "being held in" the Trust Account "pending approval" of Ms. Crawford's plan. [IA 87-108]. Mr. Elam asserted that:

> In anticipation of confirmation hearing March 15, 2017, [Ms. Crawford] tendered a check for Admin fees to counsel. These funds were deposited into counsel's trust account. As the Court failed to confirm the Plan those fees were not approved. The fees are in counsel's trust account pending approval from the Court.

2

[IA 88]. The additions to the amended March 2017 MOR [IA 88, 94, 103] explaining the transfer of the DIP funds appear to be in different handwriting than Ms. Crawford's and her signature on the Amended March 2017 MOR [IA 95] appears identical to that on the original March 2017 MOR [IA 73].

The transcript of the May 9, 2017 hearing was filed in this appeal as part of Mr. Elam's appendix to his Initial Brief [Elam's App. 1-34]. In the relevant portion of the transcript, Mr. Elam represents: (i) that the $34,400.00 was put in his trust account, that the March 2017 MOR was amended to reflect the funds are an asset of the estate, and the money was put there based upon a pending confirmation hearing; and, (ii) "that cash would be available to pay down the - - whatever that we need to do." [*See,* Elam's App. 014-020].

At the hearing, Appellee and Mr. Elam agreed that Mr. Elam had furnished proof that the $34,400.00 in DIP funds had been deposited into his account on March 2, 2017 but the Appellee was still seeking proof that the funds stayed there. [Elam's App. 31-33]. Mr. Elam told the court that "[Appellee had] been provided - - oh, okay, I was going to say, I provided him with the information that it went in and that's - - but I'll give him the rest." [Elam's App. 31, 32]. The court then stated: "that's fine." [Elam's App. 32].

On May 16, 2017, the bankruptcy court entered an Order on Status Conference [IA 109-110] which, in relevant part, ordered Mr. Elam to provide Appellee with a true and correct copy of his redacted Trust Account statement(s) reflecting that the sum of $34,400.00 paid out of the DIP account on March 2, 2017 had *always* been maintained in the Trust Account. [IA 109-110]. Mr. Elam did not move to reconsider, to vacate, or to clarify the Order on Status Conference. [IA 286].

Appellee filed a Motion to Compel Production of Trust Account Documents on May 22, 2017 asserting that so far Mr. Elam had provided proof that the $34,400.00 was deposited into his trust account and proof that as of May 11, 2017 the $34,400.00 was in the trust account. [IA 111-114]. What Appellee did not receive from Mr. Elam was proof that the $34,000.00 *always* remained in the trust account. [IA 111-114].

Ms. Crawford filed her April 2017 MOR on May 31, 2017 and that report did not reflect that the $34,400.00 was part of the bankruptcy estate. [IA 115-129]. At the June 1, 2017 bankruptcy court hearing, Appellee's motion to compel trust account records [IA 111-114] was heard. [Elam's App. 046-049]. Appellee stated it wanted to see whether or not the DIP funds were ever disbursed out of the trust account and wanted Mr. Elam's trust account records for March, April, and May 2017. [Elam's App. 047-048]. Mr. Elam told the court that "at the last hearing the court ordered [me] to provide the trust account records to show that it went in the trust account, and that it was in the trust account. And that's what [Appellee] got." [Elam's App. 048]. Mr. Elam complained that the May 16, 2017 Order on Status Conference [IA 109-110] did not comply with the oral pronouncement in court. [Elam's App. 048].

On June 12, 2017, the bankruptcy court entered an Order Granting Motion to Compel Production of Trust Account Documents ordering Mr. Elam to provide the Appellee with true and correct copies of his firm's trust account records for March through May 2017 reflecting the DIP funds remained in the trust account. [IA 130-131].

On June 19, 2017, Appellee filed its Motion for Order to Show Cause Why Debtor's Counsel Brett Elam Should Not Be Held in Contempt and for Sanctions. [IA 132-137], reciting that Mr. Elam had failed to comply with two court orders requiring him to produce his trust

4

account records.  Mr. Elam filed a Motion to Vacate Order Granting Motion to Compel Production of Trust Account Documents [IA 138-142] which was heard by the bankruptcy court but denied [IA 143-144].  Mr. Elam did not move to reconsider.  [IA 286-287].  On July 14, 2017, the bankruptcy court entered an Order Dismissing Case with Prejudice providing that the case is dismissed with 180 days prejudice to filing another petition, for the debtor to pay certain fees, and retaining jurisdiction to enforce the provision of this order and any other pending orders entered in this case.  [IA 145-146].

On July 19, 2017, Appellee filed an Amended Motion for Sanctions [IA 147-176] requesting pursuant to 11 U.S.C. § 105(a) that the court require Mr. Elam to reimburse the Appellee for reasonable attorney's fees it had incurred with respect to the improper disbursement of the DIP funds and to return the DIP funds to the debtor.  Appellee asserted that after the DIP funds were deposited in Mr. Elam's trust account on March 2, 2017, the trust account balance dropped by about $8,950.00 between March 2 and March 31, 2017 and dropped again by about $8,000.00 on April 28, 2017.  [IA 147-176].  However, on May 11, 2017, two days after the court heard the Appellee's sanctions motion and ordered Mr. Elam to prove that the $34,400.00 in question was *always* in the trust account—the balance was back up to $34,836.12.  [IA 154].

On September 1, 2017, the bankruptcy court entered an Order to Show Cause, ordering Mr. Elam to appear for an evidentiary hearing to show cause as to why he should not be suspended from practicing before the bankruptcy court in addition to other sanctions requested by the Amended Motion for Sanctions [IA 147-176] for making false statements regarding financial information relating to the DIP funds and for making improper disbursements of the DIP funds from the trust account.  [IA 177, 178].  The court further directed Mr. Elam to produce

5

at the Show Cause Hearing any and all Trust Account statements and redacted records reflecting the receipt and disbursement of the DIP funds from March 2017 to the present, including the recipient of the disbursements, adding that the court would determine at the Show Cause Hearing the amount of reasonable attorney's fees and costs that Mr. Elam would pay to the Appellee regarding the Appellee's discovery efforts relating to the DIP funds. [IA 177-178].

At the Show Cause Hearing on the Amended Motion for Sanctions and the Order to Show Cause, the bankruptcy court asked Mr. Elam why he should not be suspended from practice for lying to the court and misappropriating funds from the trust account. [IA 179-233]. Mr. Elam responded that if he told the court the DIP funds were "always" in the trust account then that was "incorrect" and he "apologize[d]." [*See* IA 109-110]. He said he "took the DIP funds out of the trust account "in an emergency situation and they were put back." [IA 182-183]. Mr. Elam testified that:

> [T]he funds were there, and [his] wife had surgery, and [he] needed to use the funds to live for a bit, and when [they] got the funds, [they] put them back.
>
> . . .
>
> The Court: You don't dispute that you took $14,000 I guess, total?
>
> Mr. Elam: I—that's—whatever.[2]

[IA 222]. After the bankruptcy court questioned Mr. Elam about whether he had communicated with his client concerning the use of the funds in the trust account, Mr. Elam testified that he had had no such communications. [IA 222].

---

[2] Mr. Elam's response to bankruptcy court's yes or no question—"whatever"—may have been an attempt to conceal that Mr. Elam took far more than $14,000. *See In re Brett A. Elam*, Florida Supreme Court Case SC18-181, Report of Referee, June 14, 2018, pages 21-22. Although the Court notes this possibility for the purpose of discussion, this particular nuance is not critical to the Court's ultimate ruling.

Mr. Elam also testified that he could not recall what exactly he spent the DIP funds on and that he had no communication with Ms. Crawford regarding his withdrawals of the DIP funds from the trust account. [IA 222]. Appellee testified as to its reasonable attorney's fees, Mr. Elam cross-examined Appellee as to those fees with regard to time that should be discounted and by how much for the court's consideration and determination. [IA 184-221]. Finally, the bankruptcy court directed Mr. Elam to provide complete trust account records by September 22, 2017. [IA 226].

On September 22, 2017, Mr. Elam filed complete trust account records showing the $34,400.00 deposit into the trust account on March 2, 2017 and 18 withdrawals ranging from $250.00 to $6,200.00 made from the account between March 2, 2017 and May 11, 2017. [IA 234-238].

On October 24, 2017, the bankruptcy court entered a comprehensive 28-page Order On The Order to Show Cause Why Brett Elam, Esq. Should Not Be Suspended From Bankruptcy Practice (IA 177-178) And The Bank of New York Mellon's Amended Motion For Sanctions Against Brett Elam, Esq. [IA 147-176] ["Sanctions Order", IA 239-266].

In entering the Sanctions Order, the bankruptcy court exercised its powers pursuant to 11 U.S.C. § 105(a), Local Rule 2090-2(B)(1) and, in the alternative, the court's inherent powers in order to compensate the Appellee and Ms. Crawford for actual losses sustained. [IA 263-266].

The bankruptcy court determined Mr. Elam had committed professional misconduct, willfully violated multiple court orders, and made false representations to the court—all warranting sanctions including attorney's fees and costs and suspension. [IA 263-266]. The court suspended Mr. Elam from practice before the United States Bankruptcy Court for the

Southern District of Florida for the longer of one year or upon the conclusion of the investigation by the Florida Bar and satisfaction of the required payments provided in the Sanctions Order. [IA 264-265].

Mr. Elam was directed to pay $8,557.50 directly to the Appellee as a sanction and $34,400.00 to Ms. Crawford, representing the amount of money transferred from the DIP account to his trust account as a sanction. [IA 265-266]. Additionally, to the extent Ms. Crawford paid Mr. Elam any of the $14,350.00 in attorney's fees awarded, Mr. Elam was to return any such payments as a sanction, unless already accounted for by the payment required of the $34,400.00. [IA 266].

The court also referred Mr. Elam's matter to the Florida Bar Attorney Consumer Assistance Program (ACAP) to investigate whether further proceedings against Mr. Elam may be necessary as a result of the Sanctions Order. [IA 265]. Final Judgment was entered on October 24, 2017, the same day as the Sanctions Order. [IA 267-271].

Mr. Elam filed a motion for reconsideration [IA 272-283] raising the following issues: (i) his compliance or attempted compliance with the court's orders of May 16, 2017 and June 12, 2017; and, (ii) that his action of taking the DIP funds out of his trust account did not violate Rules Regulating the Florida Bar based on *Florida Ethics Opinion* 93-2. The court entered its order denying Mr. Elam's motion for reconsideration on November 17, 2017 [IA 284-293].

Mr. Elam timely gave his Notice of Appeal of the Sanctions Order [IA 239-266] and the Order denying his motion for reconsideration [IA 284-293] on November 22, 2017 [IA 294-295]. Appellee declined to participate in the appeal. Upon motion, this Court granted Ms. Crawford

permission to intervene. Ms. Crawford has filed a motion for attorney's fees at docket entry 31, wherein Ms. Crawford argues that Mr. Elam's appeal is frivolous.

## II.     STANDARD OF REVIEW AND JURISDICTION

Under Federal Rule of Bankruptcy Procedure 8013, a district court reviews the factual findings of a bankruptcy court for clear error. As for conclusions of law and application of law to the facts of a case, a district court conducts a *de novo* review. *In re Feingold*, 730 F.3d 1268, 1272 n.2 (11th Cir. 2013). Orders imposing sanctions are reviewed for an abuse of discretion. *See Walker v. Walker (In re Walker)*, 532 F.3d 1304, 1308 (11th Cir. 2008). "A lower court's decision to impose sanctions will be affirmed unless the court made a clear error of judgment, or has applied the wrong legal standard." *Gowdy v. Mitchell (In re Ocean Warrior, Inc.)*, 835 F.3d 1310, 1316 (11th Cir. 2016).

## III.     DISCUSSION

On appeal, Mr. Elam's arguments are best divided into three categories: (1) the bankruptcy court lacked jurisdiction to sanction him, (2) Mr. Elam did not act in bad faith, and (3) Mr. Elam earned the fees he removed from his client's trust account. The Court addresses each of these issues in turn before addressing: (4) Ms. Crawford's request for attorney's fees.

**(1) The Bankruptcy Court's Jurisdiction to Enter the Sanctions Order**

On page 14 of Mr. Elam's Initial Brief, Mr. Elam represents that "[t]he main issue before this Court relates to the Bankruptcy Court's Order and whether the Bankruptcy Court lost subject matter jurisdiction over the matter upon the entry of the Order Dismissing Chapter 11 Bankruptcy, which was entered on July 14, 2017." DE 26 at 14. Despite this representation, Mr. Elam fails to develop or argue this "main issue" in his Initial Brief, and Mr. Elam cites to no

9

legal authority for this proposition. Additionally, after Ms. Crawford pointed out Mr. Elam's lack of legal authority in Ms. Crawford's Response Brief, Mr. Elam again failed to cite any legal authority on this issue in his Reply Brief. In any event, Mr. Elam's contention lacks merit and is not supported by law. Federal courts may consider collateral issues such as attorney's fees and the imposition of sanctions after an action is no longer pending. *See, e.g.*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) ("A court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated."). The power to impose sanctions after dismissal extends to bankruptcy courts. *See In re Neiman*, 257 B.R. 105, 110 (Bankr. S.D. Fla. 2001).[3] For the foregoing reasons, Mr. Elam's argument on the issue of the bankruptcy court's jurisdiction, to the extent that argument is not abandoned due to Mr. Elam's lack of discussion or citations to authority in his Initial Brief, is rejected. Finally, for the purpose of addressing Ms. Crawford's request for attorney's fees, the Court notes that Mr. Elam failed to cite any authority on this issue in both his Initial Brief and his Reply Brief.

**(2) Mr. Elam's Bad Faith**

With respect to Mr. Elam's argument that he did not engage in bad faith, the bankruptcy court sanctioned Mr. Elam pursuant to 11 U.S.C. § 105(a), Local Rule 2090-2(B)(1), and the bankruptcy court's inherent powers. Although a court's inherent powers require a finding of bad faith before sanctions may be imposed, neither § 105(a) nor Local Rule 2090-2(B)(1) require a finding of bad faith to sanction an attorney. Local Rule 2090-2(B)(1) allows for a court to

---

[3] Furthermore, in this case the bankruptcy court even expressly reserved jurisdiction to enforce the terms of its dismissal and to address pending orders. Here, the "pending orders" in the bankruptcy proceeding would have encompassed the logical, anticipated orders that would collaterally flow from Mr. Elam's misconduct such as the bankruptcy court's ultimate sanctions order, and Mr. Elam has failed to provide any authority to this Court to show otherwise.

sanction an attorney if the court, after issuing an order to show cause, finds "good cause." Section 105(a) permits a bankruptcy court to sanction an attorney for a willful violation of a court order. *See In re Hardy*, 97 F.3d 1384, 1389-90 (11th Cir. 1996). Because Mr. Elam has failed to address the bankruptcy court's imposition of sanctions pursuant to § 105(a) and Local Rule 2090-2(B)(1),[4] Mr. Elam cannot challenge the bankruptcy court's imposition of sanctions pursuant to its inherent power, in the alternative to its other grounds, even though such a sanction requires a finding of bad faith:

> To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.

*Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Because Mr. Elam has failed to challenge in his Initial Brief each ground upon which the bankruptcy court imposed its sanctions, the bankruptcy court's sanctions must be affirmed. *Id.*

However, even if Mr. Elam could somehow challenge the bankruptcy court's imposition of sanctions, it is self-evident that the bankruptcy court did not abuse its discretion in concluding that good cause existed to sanction Mr. Elam. Mr. Elam admitted to telling a lie to both the bankruptcy court and to opposing counsel. Mr. Elam engaged in a systematic, calculated effort to obfuscate his withdrawal of trust account funds that were supposed to be held in trust pending bankruptcy court approval. When Mr. Elam's misappropriation of trust funds was suspected, Mr. Elam did not try to substantiate his usage of those funds nor did Mr. Elam defend his

---

[4] In his Reply Brief, Mr. Elam appears to rely upon an argument he never presented to the bankruptcy court to challenge the sanctions imposed upon him pursuant to 11 U.S.C. § 105(a) and Local Rule 2090-2(B)(1). The Court discusses Mr. Elam's newly-raised argument, *infra*.

11

withdrawals—Mr. Elam attempted to hide his withdrawal of funds for as long as possible. When Mr. Elam's misappropriation was finally proven beyond all doubt, Mr. Elam did not argue that his withdrawals were earned or somehow lawful:

> The Court: What about the misappropriation, taking the funds out of the trust account?
>
> Mr. Elam: Your Honor, that was in an emergency situation, and they were put back, and—
>
> The Court: Can you tell me where in the ethical rules there's any provision that says, 'I can take a client's funds out of [a] trust account based on an emergency?'
>
> Mr. Elam: No. There is none. Your Honor, I had—I—I can't argue with you. I'm not going to.

[IA 183].

For the foregoing reasons, the Court concludes that (i) Mr. Elam has abandoned on appeal any argument that the bankruptcy court could not sanction him pursuant to 11 U.S.C. § 105(a) and Local Rule 2090-2(B)(1), (ii) even if Mr. Elam has not abandoned those arguments, the bankruptcy court did not abuse its discretion in imposing sanctions, and (iii) to the extent the bankruptcy court needed a finding of bad faith to sanction Mr. Elam pursuant to its own inherent power, the bankruptcy court made sufficient findings of bad faith and Mr. Elam's bad faith is abundantly clear from the record. For the foregoing reasons, Mr. Elam's arguments on appeal are rejected. Finally, for the purpose of addressing Ms. Crawford's request for attorney's fees, the Court notes that Mr. Elam failed to develop any argument that would invalidate the bankruptcy court's sanctions pursuant to 11 U.S.C. § 105(a) and Local Rule 2090-2(B)(1).

### (3) Mr. Elam's "Earning" of the Disputed Funds

On appeal, Mr. Elam argues that he earned the fees he misappropriated from his client's

trust account. Mr. Elam argues that those funds were earned by virtue of a prior contractual agreement Mr. Elam had with Ms. Crawford. This argument was never raised before the bankruptcy court. Not only did Mr. Elam fail to raise this argument in his response to the bankruptcy court's order to show cause and the corresponding evidentiary hearing, Mr. Elam failed to raise this argument in his motion for reconsideration. While Mr. Elam did argue that his fees were earned in a motion for reconsideration, Mr. Elam's argument was not premised on a prior contractual agreement; Mr. Elam's argument was premised upon a certain Florida Bar ethics opinion. *See Florida Ethics Opinion 93-2*. A party waives a right to appeal an argument that is never presented to a lower court. *See, e.g.*, *In re DeGennaro*, 315 F. App'x 817, 819 (11th Cir. 2009) (finding a waiver of right to present an argument on appeal where there was a failure to present the argument before the bankruptcy court); *see also Reider v. Phillip Morris USA, Inc.*, 793 F.3d 1254, 1258 (11th Cir. 2015) (determining appellant's compromise verdict argument raised for the first time on appeal was not preserved for review). Mr. Elam's waiver of his right to appeal is necessary because it is impossible for this Court to review the bankruptcy court's exercise of discretion on an issue that was never brought before the bankruptcy court. *See Electro Servs., Inc. v. Exide Corp.*, 847 F.2d 1524, 1530 (11th Cir. 1988) (noting that there can be no appellate review if the trial court was not given an opportunity to exercise its discretion). For the foregoing reasons, the Court concludes that Mr. Elam has waived any right to argue that the fees he misappropriated were earned by virtue of a prior contract.

Even if Mr. Elam had not waived the ability to argue that his fees were earned (and by extension, that his trust account withdrawals were appropriate), Mr. Elam's argument is frivolous. This argument is frivolous for all of the reasons set forth in pages 24 through 27 of

Ms. Crawford's Response Brief, which the Court incorporates herein. Summarized succinctly, a private contractual agreement between a debtor and her attorney cannot usurp federal law. Once an attorney is authorized to represent a debtor in a Chapter 11 bankruptcy case, 11 U.S.C. § 330 controls all disbursements of attorney's fees. Section 330 provides that all funds for attorneys' fees must remain in a trust account and those funds cannot be disbursed until after a bankruptcy court has reviewed and approved the reasonableness of the requested fees.

This Court further substantiates its determination of frivolousness by taking judicial notice[5] of Florida Supreme Court case SC18-181, a Florida Bar discipline proceeding against Mr. Elam. In that proceeding, the Florida Bar, upon review of Mr. Elam's trust account withdrawals, issued an emergency suspension of Mr. Elam's license to practice law. After an investigation and after hearing expert testimony from bankruptcy law experts, the referee in that case has recommended that Mr. Elam be permanently disbarred from the practice of law. Regardless of the outcome of Mr. Elam's Florida Bar discipline proceeding, the emergency suspension of Mr. Elam followed by the recommendation of permanent disbarment underscores the frivolousness of Mr. Elam's contention in the instant case that the bankruptcy court *abused its discretion* in sanctioning Mr. Elam.

**(4) Ms. Crawford's Request for Attorney's Fees**

Ms. Crawford has requested attorney's fees in connection with this appeal. Pursuant to Rule 2020(a) of the Federal Rules of Bankruptcy Procedure, this Court may award "just damages and single or double costs" to an appellee. An appeal is frivolous when "the result is obvious or when the appellant's argument is wholly without merit." *Steffen v. Berman*, No. 8-09-cv-1053,

---

[5] Rule 201 of the Federal Rules of Evidence permit judicial notice to be taken at any stage of a proceeding, including appeal, *Canal Zone v. Burjan*, 596 F.2d 690 (1979), and a court may take notice of another court's docket and orders. *McDowell Bey v. Vega*, 588 F. App'x 923, 926-27 (11th Cir. 2014).

14

2010 WL 2293235, at *1 (M.D. Fla. June 7, 2010). The Court agrees with Ms. Crawford that the instant appeal is frivolous for all of the reasons set forth in this Order including: (i) Mr. Elam raised issues in his Initial Brief, such as the jurisdiction of the bankruptcy court, that were not supported by any legal authority, (ii) Mr. Elam did not appeal each and every basis for his sanction, thereby requiring this Court to affirm the bankruptcy court, (iii) Mr. Elam's contention that the bankruptcy court abused its discretion is belied by the record, (iv) Mr. Elam's contention that his withdrawals were permissible because of prior contract was never even raised before the bankruptcy court, and (v) Mr. Elam's arguments premised upon private contract are frivolous.[6] The frivolousness of this appeal is exemplified in the following exchange between Mr. Elam and the bankruptcy court:

> I will stand before the Court and take whatever punishment I need. Because if that's the case [his prior representations about trust account withdrawals], then yes, it was incorrect, and I apologize.

[IA 182-83]. The record below is clear. Mr. Elam was not truthful, Mr. Elam obfuscated the truth, and Mr. Elam admitted his wrongdoing to the bankruptcy court. Now, on appeal, Mr. Elam raises arguments that were never brought before the bankruptcy court, that do not even address each of the grounds for his sanctions, that cannot be squared with the record, and that contain no legal merit. Mr. Elam has "waste[d] judicial resources." *U.S. v. 900 Rio Vista Blvd.*, 803 F.2d 625, 632 (11th Cir. 1986).

Nonetheless, the rule cited by Ms. Crawford, Rule 2020(a), permits an award of attorney's fees to *an appellee*. Ms. Crawford is an intervenor. The Court acknowledges that Ms. Crawford has a financial interest in this appeal. For example, the bankruptcy court awarded Ms.

---

[6] Mr. Elam's appeal is also frivolous for other reasons, including, without limitation, Mr. Elam's repeated citations to rules that are not relevant to the instant appeal. *See* DE 31 at 8-9.

15

Crawford damages in connection with its sanction of Mr. Elam. If this Court were to reverse the bankruptcy court's sanctions, Ms. Crawford's award would be subject to reversal as well. Even so, the legal basis for this Court to award damages to an intervenor—not an appellee—is unclear to this Court and is not an issue thoroughly briefed by the parties. In an abundance of caution, the Court denies without prejudice Ms. Crawford's request for attorney's fees. Ms. Crawford may file a renewed motion that addresses the Court's concerns, provided that the motion is filed within ten (10) days of the date of rendition of this Order. In the event Ms. Crawford chooses to file such a motion, however, Ms. Crawford is required to file a reply to any response by Mr. Elam.

The decision of the bankruptcy court is therefore **AFFIRMED** and Mr. Elam's appeal is **DENIED**.[7] Ms. Crawford's Motion for Attorney's Fees [DE 31] is **DENIED WITHOUT PREJUDICE**. The Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 19th day of June, 2018.

*[signature]*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[7] Any argument raised in Mr. Elam's Initial Brief not directly addressed by this Order is rejected without comment.